**Khalid Mohamed ALSEECY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70808.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dominic E. Capeci, Esq., Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Teal Luthy Miller, Esq., DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

MEMORANDUM **

Khalid Mohamed Alseecy, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

We have jurisdiction to review the BIA's determination that Alseecy did not qualify for an exception to the one-year deadline for filing an asylum application, because Alseecy's contention that extraordinary circumstances excuse his late filing raises mixed questions of law and fact. 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). Because Alseecy intentionally caused the delay through his actions and inactions, we conclude that his asylum claim is time-barred. *See* 8 C.F.R. § 1208.4(a)(5).

We have jurisdiction over Alseecy's withholding of removal and CAT claims pursuant to 8 U.S.C. § 1252, and review for substantial evidence. *Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We review *de novo* claims of due process violations. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003).

Substantial evidence supports the BIA's determination that Alseecy failed to establish past persecution or a well-founded fear of future persecution based on threats from the Muslim Brotherhood. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir. 1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained for four to six hours, beaten, and private citizens threw stones at his house and attempted to steal property). Additionally, Alseecy failed to establish a nexus to a protected ground or to establish that the threats against him were made by the government or forces that the government is unable or unwilling to control. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005). Accordingly, we deny his claim for withholding of removal.

Alseecy also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Egypt. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

We conclude that Alseecy's right to due process was not violated, because he was not prejudiced by the BIA's characterization of the IJ's findings as an adverse credibility determination. *See Rojas–Gar-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*cia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.